JENNIFER WALKER ELROD, Circuit Judge, joined by JOLLY, JONES, SMITH, CLEMENT, OWEN, and SOUTHWICK, Circuit Judges, dissenting from the denial of rehearing en banc: Today, an equally-divided court denies en banc rehearing of a divided panel opinion and deepens the division in the courts of appeals on an issue of great importance: whether a recipient of care can block a state’s disqualification of a single health care provider for the purposes of Medicaid. The discord is the result of our disregard for the Supreme Court’s binding precedent in O’Bannon v. Town Court Nursing Center, 447 U.S. 773, 100 S.Ct. 2467, 65 L.Ed.2d 506 (1980). Louisiana, along with fifteen amici states, urged us to reconsider our decision because of the significant detrimental impact it would have on the states’ abilities to administer their own Medicaid plans. Our decision in equipoise to deny en banc rehearing is more than dismaying; it is a departure from our duty. In the ever-expanding Medicaid world in which we live, it is important that we get this decision right. The panel majority opinion disregards both O’Bannon’s discussion of whether 42 U.S.C. § 1396a(a)(23) confers a substantive property right and its ultimate decision that there is no process due where there is no property right to secure. O’Bannon addresses the question of “whether the patients have an interest in receiving benefits for care in a particular facility that entitles them, as a matter of constitutional law, to a hearing before the Government can de-certify that facility.” Id. at 784, 100 S.Ct. 2467. Decidedly, the answer is no, with the Court “hold[ing] that the enforcement by HEW and DPW of their valid regulations did not directly affect the patients’ legal rights or deprive them of any constitutionally protected interest in life, liberty, or property.” Id. at 790, 100 S.Ct. 2467. Section 1396a(a)(23) does not create a substantive right because, as the Court explains, “while a patient has a right to continued benefits to pay for care in the qualified institution of his choice, he has no enforceable expectation of continued benefits to pay for care in an institution that has been determined to be unqualified.” Id. at 786, 100 S.Ct. 2467. In its attempt to distinguish O’Bannon, the panel majority opinion determines that O’Bannon is inapplicable because the O’Bannon plaintiffs only asserted a violation of a due process right whereas the plaintiffs here “assert the violation of a substantive right.” Planned Parenthood of Gulf Coast, Inc. v. Gee, 862 F.3d 445, 460 (5th Cir. 2017). This is directly at odds with the Supreme Court’s holding in O’Bannon that § 1396a(a)(23) does not confer on an individual patient a constitutionally protected substantive property interest in receiving care from a disqualified Medicaid provider. 447 U.S. at 784-85, 100 S.Ct. 2467. As Judge Owen’s careful dissenting opinion explains, this attempt to distinguish O’Bannon “reflect[s] a failure to appreciate that there is no right to due process unless there is a substantive right that may be vindicated if adequate process is afforded.” Id. at 475 (Owen, J. dissenting); accord Does v. Gillespie, 867 F.3d 1034, 1046-49 (8th Cir. 2017) (Shepard, J. concurring) (explaining that a patient cannot collaterally attack a provider’s decerti-fication becausé O’Bannon holds there is no substantive right to receive care from a decertified provider). The dissenting opinion is simply textbook reasoning. See Erwin Chemerinsky, Constitutional Law: Principles and Policies, 588 (Erwin Chemerinsky et al. eds., 5th ed. 2015) (“... in O’Bannon v. Town Court Nursing Center, the Supreme Court held that residents in a nursing home had no property interest and thus no right to due process before a government agency revoked their home’s certification to receive payments from the government.”). Similarly dismaying is the panel majority opinion’s attempt to distinguish O’Ban-non because the plaintiffs here are not challenging a decertification decision. There is, in fact, a decertification decision in this case, but the panel majority opinion just determined on the merits that none of the reasons for decertification were valid. See Planned Parenthood, 862 F.3d at 478 (Owen, J. dissenting) (noting the majority opinion’s circular reasoning, which concludes “that since the Individual Plaintiffs will likely prevail on their contention that [Planned Parenthood] is a qualified provider, the Individual Plaintiffs have the right to sue to obtain Medicaid services from that qualified provider”). The panel majority opinion’s determination that O’Bannon only bars an individual plaintiff from challenging a disqualification decision related to health and safety regulation enforcement that affects the provider’s ability to provide care to the general public does not fare any better. This limitation finds no support in O’Ban-non’s text or reeord. As the dissenting opinion precisely states: “Whether the nursing home facility in O’Bannon was required to cease operations had no bearing on the Supreme Court’s holding that 42 U.S.C. § 1396a(a)(23) is not a font of substantive rights flowing to Medicaid patients that permits them to sue to set aside the termination of a provider’s Medicaid or Medicare agreements on the basis that the provider failed to comply with certain statutory or regulatory requirements.” Id. at 482-83 (Owen, J. dissenting). The panel majority opinion here makes the very same error that the Court saw fit to correct in O’Bannon: “In holding that [§ 1396a(a)(23)] create[s] a substantive right” it “fails to give proper weight to the contours of the right conferred by the statutes and regulations.” See 447 U.S. at 786, 100 S.Ct. 2467. Importantly, the panel majority opinion’s reasoning is not only at odds with O’Bannon but also with the entirety of the statutory framework in 42 U.S.C. § 1396a. Under the exclusionary provision in § 1396a(p)(l), a Medicaid provider can be disqualified for reasons unrelated to health and safety that would require the provider to cease dispensing care to the general public. See 42 U.S.C. § 1396a(p)(l). Among the grounds for exclusion from Medicaid participation are medically unnecessary charges and false claims for services that were not provided. Id. § 1396a(p)(l) (referencing 42 U.S.C. § 1320a-7 and § 1320a-7a). Nowhere does the statute require that the disqualification of a Medicaid provider can occur only if the provider is deemed unfit to provide care for the general public, as the panel majority opinion holds. Moreover, to the extent § 1396a(a)(23) can be interpreted to secure any private right of action, such a right is surely limited to “qualified” providers and does not include providers who voluntarily choose not to contest their disqualification.[1] Thus, even if O’Bannon did not control, and § 1396a(a)(23) were a blank statutory slate, the panel majority opinion’s interpretation would still be incorrect because it reads extratextual requirements into the statute and relies on an overbroad interpretation of the term “qualified.” This disjointed reasoning of the panel majority opinion brings us to the procedural elephant in the case: Planned Parenthood Gulf Coast chose to forego its administrative remedies prior to filing this lawsuit. Compounding this procedural irregularity, the preliminary injunction below was issued on the claims of the individual Doe plaintiffs, not on Planned Parenthood’s claims. Ás a result of the majority opinion’s holding, a Medicaid provider can now make an end run around the administrative exhaustion requirements in a state’s statutory scheme.[2] Disqualified providers can now circumvent state law because the panel majority opinion deems it unnecessary to have a final administrative determination so long as there are patients to join a lawsuit filed in federal court. The fact that this case 'is still at the preliminary injunction stage does not excuse our decision to deny m banc rehearing. The panel majority opinion is binding precedent that will guide the development of the law in our circuit. Moreover, at least two other cases are. already pending within the circuit and will be immediately impacted by the majority’s holding in this' case— a holding that cannot' be squared .with Supreme Court precedent or the statutory text. The ability to correct our deviation from the Supreme Court’s precedent in time to prevent further damage remains a distant hope. Accordingly, I respectfully dissent from our denial of rehearing en banc. . Herd, under Louisiana law, a party seeking to appeal a termination decision by the Louisiana Department of Health and Hospitals has fifteen days from receipt of notice to request an informal hearing. La. Admin, Code § 50:4203, Following notice of. the result of the informal hearing, the provider has thirty days to seek an appeal before the Division of Administrative Law, La, Admin, Code § 50:4211(B),